## CROSBY v. CARTER.

### No. 13185.

Court of Civil Appeals of Texas. Fort Worth.

June 7, 1935.

Gerald W. Greathouse and Preston Shirley, both of Fort Worth, for appellant.

J. R. Black, of Fort Worth, for appellee.

BROWN, Justice.

K. C. Carter, appellee, brought suit in the county court at law No. 2 of Tarrant county, making J. Frank Lawrence, Morton ·Crosby, and James Crosby defendants.

He alleged that Lawrence, the then owner of a publication called "Texas Reminder," on November 3, 1933, employed him, as a news gatherer and writer, at a salary of not less than $25 per week; that he worked in such capacity for Lawrence until January 1, 1934, when Morton and James Crosby became interested in the publication, and same was put out by equipment and machinery owned by the Crosbys, and that he worked from January 1, 1934, to February 21, 1934, for all the three named defendants. He alleged that he loaned Lawrence $15; that all the defendants owe him his wages and that he has been paid only $42.50; he asks judgment against all defendants for $365.25; he asks judgment for $100 attorney's fees; and in a very general pleading asks for foreclosure of a laborer's lien on machinery and equipment belonging to the Crosbys.

The case was tried to a jury, and on the issues given the jury found that Lawrence employed Carter at $25 per week; that Morton Crosby became co-owner of the newspaper on January 1, 1934; and that Crosby contracted and agreed to pay Carter $25 per week.

On these findings the trial court gave Carter judgment against Lawrence for $168.15 (after allowing credits not shown), representing his salary from November 3 to December 31, 1933, and awarded him the further sum of $7 loaned, making the entire judgment against Lawrence $175.15; the court awarded Carter judgment for $185.65 against Lawrence and Morton Crosby, for services from January 1, 1934, to February 21, 1934; and that Carter take nothing against James Crosby and Crosby Typesetting Company (alleged to be a partnership composed of the two Crosbys).

Morton Crosby only has appealed, and challenges the jurisdiction of. the trial court.

It is apparent that there is no privity of relationship between the causes of action against Lawrence, and against Lawrence and the two Crosbys, attempted to be shown by appellee's pleading. No effort was made to show that the Crosbys are obligated to Carter, under any theory, for any service rendered by him prior to January 1, 1934. These causes of action arising in 1933 and 1934, respectively, are separate and distinct.

The item of attorney's fees was abandoned by plaintiff as was the item of money loaned. No issues were submitted covering these two items.

The matter of asking foreclosure of any supposed laborer's lien against undescribed, undesignated, and unvalued machinery and equipment constitutes no pleading, in the face of the general demurrer urged against the petition. No issue concerning the lien was asked, or given. As pleaded, the trial court had no original jurisdiction of either of the causes of action upon which recovery is sought; the amounts claimed being less than $200 in each instance.

We have here a misjoinder of causes of action and of parties defendant. The cause of action against Lawrence and the Crosbys can only be maintained in the county court by a bona fide attempt to foreclose a laborer's lien on the machinery and equip-

ment, provided its value is within the jurisdiction of the court.

The cause of action against Lawrence can only be maintained in such court by suing Lawrence alone for the services rendered, for which Lawrence is solely liable, and for which he is jointly liable.

Under the theory upon which this suit was tried, the said county court was without authority to render the judgment here found, and the judgment of the trial court is reversed, and the cause remanded.